JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Academy Hill, Inc. and Merrick Wilson

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael T. Hollister, Esquire
See attached

## DEFENDANTS

City of Lamberville, Kenneth Rogers, David Delvecchio, Joseph Jingoli & Sons, Joseph Jingoli & Michael Jingoli

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product     Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |     Liability    [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment    & Enforcement of Judgment | [ ] 320 Assault, Libel &     Pharmaceutical     Slander     Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'     Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted    Student Loans    (Excludes Veterans) |     Liability    [ ] 368 Asbestos Personal   [ ] 340 Marine     Injury Product | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product     Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment    of Veteran's Benefits |     Liability    **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards     Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle    [ ] 371 Truth in Lending     Product Liability | [ ] 720 Labor/Management     Relations | **SOCIAL SECURITY** |     Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    [ ] 380 Other Personal     Injury     Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury -    [ ] 385 Property Damage     Medical Malpractice     Product Liability | [ ] 751 Family and Medical     Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/     Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights    **Habeas Corpus:** | [ ] 791 Employee Retirement     Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting    [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment    [ ] 510 Motions to Vacate | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | [ ] 443 Housing/     Accommodations     Sentence | | [ ] 870 Taxes (U.S. Plaintiff     or Defendant) |     Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities -    [ ] 530 General | | [ ] 871 IRS—Third Party     26 USC 7609 | [ ] 896 Arbitration |
| [ ] 290 All Other Real Property |     Employment    [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure |
| | [ ] 446 Amer. w/Disabilities -    **Other:**     Other    [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | |     Act/Review or Appeal of     Agency Decision |
| | [ ] 448 Education    [ ] 550 Civil Rights | [ ] 465 Other Immigration     Actions | | [ ] 950 Constitutionality of     State Statutes |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee -     Conditions of     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1331 and 1332
Brief description of cause:
See attached

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 4/27/2021

SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ADDENDUM TO CIVIL COVER SHEET

**Academy Hill, Inc. and Merrick Wilson**

**v.**

**City of Lambertville, Kenneth Rogers, David Delvecchio, Joseph Jingoli & Sons, Joseph Jingoli & Michael Jingoli**


I (c) Attorneys:

Michael T. Hollister, Esquire
Attorney ID #87083
Rothberg, Federman & Hollister, P.C.
3103 Hulmeville Road, Suite 200
Bensalem, PA  19020
215-244-4224


VI.  Brief description of cause:

Plaintiffs seeking relief for damages sustained as a result of the Defendants' multiple violations of Plaintiffs' constitutional rights and other unlawful acts.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1332 Moon Drive, Yardley, PA  19067 _____

Address of Defendant: _____ 18 York Street, Lambertville, NJ  08530 _____

Place of Accident, Incident or Transaction: _____ Lambertville, NJ _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/27/2021    *Must sign here* _____    87083

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☑ 9. All other Diversity Cases
  *(Please specify):*  Violation of Plaintiffs' constitutional rights

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Michael T. Hollister , counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 4/27/2021    *Sign here if applicable* _____    87083

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania  ▾

| | |
|---|---|
| Academy Hill, Inc. and Merrick Wilson<br><br><br><br><br>*Plaintiff(s)*<br>v.<br>City of Lambertville, Kenneth Rogers, David<br>Delvecchio, Joseph Jingoli & Sons, Joseph Jingoli<br>and Michael Jingoli<br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  City of Lambertville
18 York Street
Lambertville, NJ  08530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Michael T. Hollister, Esquire
Rothberg, Federman & Hollister, P.C.
3103 Hulmeville Road, Suite 200
Bensalem, PA  19020
215-244-4224

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania  [▼]

| | |
|---|---|
| Academy Hill, Inc. and Merrick Wilson | )<br>)<br>)<br>)<br>) |
| *Plaintiff(s)* | ) |
| v. | )<br>) Civil Action No. |
| City of Lambertville, Kenneth Rogers, David Delvecchio, Joseph Jingoli & Sons, Joseph Jingoli and Michael Jingoli | )<br>)<br>)<br>)<br>) |
| *Defendant(s)* | )<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Kenneth Rogers
c/o City of Lambertville
18 Yorkk Street
Lambertville, NJ  08530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Michael T. Hollister, Esquire
Rothberg, Federman & Hollister, P.C.
3103 Hulmeville Road, Suite 200
Bensalem, PA  19020
215-244-4224

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania  ▾

| | |
|---|---|
| Academy Hill, Inc. and Merrick Wilson | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) )  Civil Action No. |
| City of Lambertville, Kenneth Rogers, David Delvecchio, Joseph Jingoli & Sons, Joseph Jingoli and Michael Jingoli | ) ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  David Delvecchio
c/o City of Lambertville
18 Yorkk Street
Lambertville, NJ  08530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Michael T. Hollister, Esquire
Rothberg, Federman & Hollister, P.C.
3103 Hulmeville Road, Suite 200
Bensalem, PA  19020
215-244-4224

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania  ▼

| | |
|---|---|
| Academy Hill, Inc. and Merrick Wilson | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| City of Lambertville, Kenneth Rogers, David Delvecchio, Joseph Jingoli & Sons, Joseph Jingoli and Michael Jingoli | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Joseph Jingoli & Sons
100 Lenox Drive
Suite 100
Lawrenceville, NJ  08648

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Michael T. Hollister, Esquire
Rothberg, Federman & Hollister, P.C.
3103 Hulmeville Road, Suite 200
Bensalem, PA  19020
215-244-4224

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania  ▼

| | |
|---|---|
| Academy Hill, Inc. and Merrick Wilson <br><br><br><br> *Plaintiff(s)* <br> v. <br> City of Lambertville, Kenneth Rogers, David Delvecchio, Joseph Jingoli & Sons, Joseph Jingoli and Michael Jingoli <br><br> *Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Joseph Jingoli
100 Lenox Drive
Suite 100
Lawrenceville, NJ  08648

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Michael T. Hollister, Esquire
Rothberg, Federman & Hollister, P.C.
3103 Hulmeville Road, Suite 200
Bensalem, PA  19020
215-244-4224

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania ☐ ▼

| | |
|---|---|
| Academy Hill, Inc. and Merrick Wilson | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| City of Lambertville, Kenneth Rogers, David Delvecchio, Joseph Jingoli & Sons, Joseph Jingoli and Michael Jingoli | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Michael Jingoli
100 Lenox Drive
Suite 100
Lawrenceville, NJ  08648

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Michael T. Hollister, Esquire
Rothberg, Federman & Hollister, P.C.
3103 Hulmeville Road, Suite 200
Bensalem, PA  19020
215-244-4224

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

ROTHBERG, FEDERMAN & HOLLISTER, P.C.
By:  Michael T. Hollister, Esquire
Attorney ID: 87083
3103 Hulmeville Road, Suite 200
Bensalem, PA  19020
215-244-4224 - phone
215-244-4787 - fax

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACADEMY HILL, INC. and : | | |
| MERRICK WILSON, | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | COMPLAINT AND |
| | : | JURY DEMAND |
| vs. | : | |
| | : | |
| CITY OF LAMBERTVILLE, | : | DOCKET NUMBER |
| KENNETH ROGERS, | : | |
| DAVID DELVECCHIO, | : | |
| JOSEPH JINGOLI & SONS, | : | |
| JOSEPH JINGOLI and | : | |
| MICHAEL JINGOLI, | : | |
| | : | |
| Defendants. | : | |

Plaintiffs, Academy Hill, Inc. and Merrick Wilson, 1332

Moon Drive, Yardley, Pennsylvania, by way of Complaint, say:


NATURE OF ACTION

This is a DIVERSITY OF JURISDICTION UNDER 28 USC 1332 AND

federal question action UNDER 28 USC 1331 brought by the

Plaintiffs seeking relief for damages sustained as a result of

the Defendants' multiple violations of Plaintiffs'

constitutional rights and other unlawful acts and/or omissions

1

pertaining to wrongful prosecution by the City of Lambertville, County of Hunterdon, State of New Jersey by and through David DelVecchio and Kenneth Rogers in their status as employees and/or officers as well as in their individual capacity. Joseph Jingoli and Sons, Inc. A NEW JERSEY CORPORATION Joseph Jingoli and Michael Jingoli, BOTH RESIDENT IN THE STATE OF NEW JERSEY did enter into a conspiracy with state actors to deprive Plaintiffs of their constitutional and other rights.  There are also claims which are brought under common law and statutory causes of action which fall under the ancillary jurisdiction of the Court UNDER 28 USC 1327.  The claims set forth herein only arose upon dismissal of various Municipal Court complaints first lodged against the Plaintiffs while David DelVechhio was Mayor of the City of Lambertville and employed by Joseph Jingoli and Sons by and through Joseph Jingoli and Michael Jingoli.

This is an action for money damages, declaratory and injunctive relief ALSO brought pursuant to 42 U.S.C. 1983, 1988, the Fifth Amendment to the United States Constitution under laws of the State of New Jersey.

THE PARTIES

1. Plaintiff Academy Hill, Inc. is a business entity with its principal place of business located at the above-captioned address.

2

2. Plaintiff Merrick Wilson is a citizen of the Commonwealth of Pennsylvania and resides at the above-captioned address.

3. Defendant City of Lambertville is a municipal corporation organized under the laws of the State of New Jersey, located in Hunterdon County, New Jersey.

4. Kenneth Rogers was and is believed to still be an employee of the City of Lambertville appointed by David DelVechhio to perform the statutory duties of Zoning Officer.

5. David DelVecchio was Mayor of the City of Lambertville at the time the Municipal Court complaints were filed and remained Mayor until December 2018.

6. Joseph Jingoli and Sons is a New Jersey Corporation engaged in business pursuits that would make them competitors with Plaintiffs.

7. Joseph Jingoli is on information and belief an owner/employee of Joseph Jingoli and Sons.

8. Michael Jingoli is on information and belief an owner/employee of Joseph Jingoli and Sons.

FIRST COUNT

4. Defendant engaged in a deliberate, willful and sustained campaign to prosecute Plaintiffs without any legitimate basis or probable cause with the intention of imposing possible

incarceration, fines, costs or other remedies arising from Defendant's animus towards Plaintiffs.

5. Defendant utilized it police powers to harass, humiliate and degrade the Plaintiffs causing Plaintiff, Wilson to endure psychological and emotional distress during Defendant's multi-year campaign of retribution and unconstitutional prosecution.

6. Finally, on a motion to dismiss the charges for lack of jurisdiction the Readington Township Municipal Court on transfer from Defendant's Municipal Court made the following excerpted findings of fact and conclusions of law as set forth in the transcript of proceedings attached as Exhibit A as follows:

a) This is a transfer matter from the City of Lambertville Municipal Court, State versus Merrick Wilson. Complaints Numbers SC-5041 and 5042.

b) This matter is the subject of defendant's motion to dismiss...I had previously denied it but the Court became aware of the fact that I hadn't had all of the submissions.

c) This case has been going on the complaints are dated October 26th, 2011 and I've been provided with a procedural history of the complaint that is, again, started in 2011.

d) There were numerous adjournments.

e) I note at one point the -- there was a motion back in 2013 submitted by an attorney named Steven Janel.

f) On May 20th, 2013, the [Lambertville] Court indicated it would decide the defendant's motion, there's no indication from the file obviously that that ever took place.

g) [On] August 12, 2013, there was a request for a conference with the [Lambertville municipal] judge.

h) [On] September 10th, 2013, the defense attorney -- and there were several attorneys here, I think at this point it was Michael -- Steven Janel, rather, Esquire, submitted some sort of an order to show cause.

i) For the record, I don't have any record of that, or any papers on that in the file.

j) Back in October of 2013 the State requested an adjournment to meet with defense counsel.

k) [On] December 9th, 2013, there was an adjournment for Lambertville's counsel to respond to the order to show cause.

l) February 10th, 2014, the case was to be conferenced.

m) The last entry we have when this case came over to us here in Readington was that the case was returned to Lambertville Court I guess that means on December of 2016. So to say that this case has a long and tortured history would be the understatement of the year.

n) I understand that when this case was with Judge Martin in another court, that the name of the defendant was amended from a company or corporate entity to your client individually,

is that accurate?  MR. CALDWELL: I believe that's correct,

Judge. From Academy Hill, Inc.

o) I also have a -- excuse me one second -- I have Mr.

Caldwell's letter -- that was the September 9th, 2020 letter,

then we have a December 13th, 2019 letter brief (Exhibit B)

submitted to Judge Ray Barson of the Lambertville Municipal

Court by the defendant...Counsel, the municipal prosecutor of

the Lambertville Municipal Court Phillip J. Faherty, III,

submitted a letter brief (Exhibit C) in opposition to the

defense motion to dismiss and I think that's what we have.

p) Mr. Davis, [Readington Municipal Prosecutor] is the

State relying upon the prior submission of the Lambertville

Municipal prosecutor?  MR. DAVIS: Correct. As he was in that

court for as Your Honor went through over eight years, the

prosecutor was (indiscernible) point to file that letter brief

so the State is relying on that letter brief that was submitted

by the Lambertville prosecutor in December of 2019.

q) THE COURT: All right. And another question I had was

that there was indication that the -- again, these complaints

allege violations of New Jersey Administration Codes Title 5:23-

2.32(a), failure to render a structure safe and secure. Failure

to demolish a structure, again, two complaints alleging that,

after receipt of a notice of imminent hazard.

r) Is there any dispute that -- Mr. Davis, that you're aware of that in 2012 as set forth in the certification of defendant (Exhibit D), that this structure in question was substantially demolished? Torn down, if you will?

s) MR. DAVIS: I don't know how of a dispute there is beyond the letter brief that was submitted by the prosecutor, but I've seen the pictures and it is obviously demolished. It's not like there's a standing structure there anymore. It's just debris.

t) THE COURT: All right. So then we're left  with -- and so the State's opposition on that basis is then no longer relevant because that's not the defense being asserted here in support of the -- for the argument in support of the motion to dismiss, but, however, I've reviewed everything and in the Court's opinion this case was not ever properly brought in the City of Lambertville Municipal Court and I note that you've made that argument in your letter of December 13th, 2019, Mr. Caldwell -- MR. CALDWELL: That's correct, Judge.

u) THE COURT: -- citing Title -- and I said Title 5, I meant to say N.J.A.C. 5:23-2.32. Now let's look at that. I just had it, bear with me.  That statute provides, among other things, that -- or that administrative code provision I should say -- all buildings or structures that shall become unsafe, or unsanitary, or that contain deficient or blocked exitway facilities, or which constitute a fire hazard or are otherwise

dangerous to human life, shall be deemed unsafe buildings or structures, shall be taken down and removed or made safe and secure. And then in Subsection (5) under that it says, upon refusal or neglect of the persons served with a notice of unsafe structure to comply with the requirements of the order to abate the unsafe condition, the construction official shall, in addition to any other remedies herein provided, forward the matter to the legal counsel of the jurisdiction for an action to compel compliance.

v) I don't have anything in my file that indicates that ever happened. Is that accurate, Mr. Caldwell? MR. CALDWELL: That is -- that's my understanding based on the available facts which of course is one of the basis for my moving to dismiss.

w) THE COURT: Okay. I think that argument is valid and I -- the Court agrees with it. I don't need to even get into the rest of it in terms of the statute of repose and all that information.

x) So, Mr. Davis, does the State have any response on that, or? MR. DAVIS: No, Your Honor. The State was always going to rely on the Lambertville prosecutor's submission, so, whatever the Court decides is what the Court decides.

y) THE COURT: All right. For that reason, as well as the extremely long and tortured history of the case and in the interest of justice, and secondly, as importantly, maybe more

importantly, this case should not have been filed in the Lambertville Municipal Court. The court jurisdiction, as Mr. Caldwell argues, it's not there. The municipal courts do have authority to enforce -- to entertain actions to enforce penalties assessed, but this never got to that stage. So for those reasons, both complaints 5041 and 5042 are hereby dismissed.

7.   The Plaintiffs have been damaged as the direct and proximate result of the Defendants' unconstitutional behavior.

WHEREFORE, Plaintiffs demand Judgment for:

        a.   Damages;

        b.   Punitive damages;

        c.   Attorney's fees and cost of suit;

        d.   Such other relief as the Court deems just and equitable.

## SECOND COUNT

1. Plaintiffs repeat the allegations of the First Count as if fully set forth herein.

2. The charges against Plaintiff were dismissed on the merits there being no jurisdiction in the Defendants' Municipal Court to prosecute Plaintiff.

3. Defendants did maliciously prosecute Plaintiffs.

4. Plaintiffs have suffered damages as a direct and proximate cause of Defendants' actions.

WHEREFORE, Plaintiffs demand Judgment for:

    a.  Damages;

    b.  Punitive damages;

    c.  Attorney's fees and cost of suit;

    d.  Such other relief as the Court deems just and equitable.

## THIRD COUNT

1.  Plaintiffs repeat the allegations of the First and Second Counts as if fully set forth herein.

2.  Kenneth Rogers in his capacity of Zoning Officer, individually and/or at the behest of Mayor DelVecchio as well as other Defendants did institute one or more municipal court complaints when he knew or should have known that such complaints were without any basis in law as subsequently determined in a criminal court of law.

3. Such action was undertaken for the purpose of harassing Plaintiffs and/or imposing financial and other detriments upon the Plaintiffs all in derogation of Plaintiffs' constitutional rights.

WHEREFORE, Plaintiffs demand Judgment for:

    a.  Damages;

    b.  Punitive damages;

    c.  Attorney's fees and cost of suit;

d.   Such other relief as the Court deems just and equitable.

FOURTH COUNT

`   1.   Plaintiffs repeat the allegations of the First through Third Counts as if fully set forth herein.

2. DelVecchio is a fulltime employee of Joseph Jingoli & Sons, with a title of Director of Development.

3.   The Director of Development's primary duties are locating properties for new business for Defendants Joseph Jingoli and Sons, Joseph Jingoli and Michael Jingoli his employer.

4.   On information and belief DelVechhio in his capacity as Mayor conspired with the other Defendants to direct and instruct Kenneth Rogers to do everything possible in his capacity as Zoning Officer to harm or destroy the financial assets of Academy Hill Inc. and Merrick Wilson by way of issuing two (2) summonses to Merrick Wilson for an unsafe structure (former Lambertville High School), fully knowing that Wilson did not own the old Lambertville High School building personally.

5.   Joseph Jingoli & Sons and its principals, Joseph Jingoli and Michael Jingoli, were directly responsible for all activities undertaken by their employee DelVecchio, and knew or should have known, that DelVecchio's actions would financially benefit them.

11

6.   Defendants did conspire between and among themselves to derive Plaintiffs of their rights and privileges accorded them under the Constitution of the United States and the Constitution of the State of New Jersey.

WHEREFORE, Plaintiffs demand Judgment for:

      a.   Damages;

      b.   Punitive damages;

      c.   Attorney's fees and cost of suit;

      d.   Such other relief as the Court deems just and equitable.

JURY DEMAND

Plaintiffs demand trial by Jury.

ROTHBERG, FEDERMAN & HOLLISTER, P.C.

By: _____ /s/ _____
       Michael T. Hollister